IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANYAHLE L. MOSLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 16-CV-206-NJR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On February 26, 2016, Petitioner Danyahle Mosley filed a habeas petition under 28 U.S.C. § 2255 challenging his enhanced sentence as an armed career criminal based on the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Johnson*, the Supreme Court held that "the imposition of an enhanced sentence under the residual clause of [the Armed Career Criminal Act] violates due process because the clause is too vague to provide adequate notice." *Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015) (citing *Johnson*, 135 S.Ct. at 2557). That holding is categorically retroactive to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016); *Price*, 795 F.3d at 734.

The Court conducted a preliminary review of Mosley's § 2255 motion, and after going over the record in Mosley's criminal proceeding, determined that he was not sentenced under the residual clause of the Armed Career Criminal Act (Doc. 2). Specifically, the plea agreement and the presentence investigation report indicate that Mosley's status as an armed career criminal under 18 U.S.C. § 924(e) was established by a previous conviction for residential burglary in 2001, another previous conviction for

residential burglary in 2004, and a previous conviction for robbery in 2008. SDIL Case No. 3:13-cr-30026, Doc. 21, 38. His convictions for residential burglary were classified as violent felonies under the enumerated crimes clause of the Armed Career Criminal Act, not the residual clause (Doc. 2). And his conviction for robbery was classified as a violent felony under the elements clause, not the residual clause (Doc. 2). *See Stanley v. United States*, 827 F.3d 562 (7th Cir. 2016) (explaining that *Johnson* does not affect convictions classified under the enumerated crimes clause or the elements clause of the Sentencing Guidelines or the Armed Career Criminal Act). Consequently, the Court issued a show cause order requiring Mosley to explain how *Johnson* applied to him and why he was entitled to relief (Doc. 2). Mosley responded and made a very brief and undeveloped argument that his prior robbery conviction under Illinois law cannot qualify as a predicate offense under the Armed Career Criminal Act (Doc. 5).

Mosley's argument simply is not sufficient to warrant relief under § 2255, particularly given that the Seventh Circuit has repeatedly held that robbery as defined by Illinois law is a crime of violence. *United States v. Smith*, No. 16-1895, 2016 WL 5867263, at *1 (7th Cir. Oct. 7, 2016) (noting previous holdings that a conviction for robbery under Illinois law is a crime of violence under the elements clause of U.S.S.G. § 4B1.2 and similarly worded statutes) (citations omitted); *United States v. Watson-El*, 376 F. App'x 605, 608 (7th Cir. 2010) (holding robbery under Illinois law is a violent felony under the Armed Career Criminal Act) (citations omitted); *United States v. Melton*, 75 F. App'x 539, 545 (7th Cir. 2003) (explaining that because the robbery statute in Illinois "has as an essential element the threat or use of force," it is a *per se* crime of violence under

U.S.S.G. § 4B1.2); *United States v. Bedell*, 981 F.2d 915, 916 (7th Cir. 1992) (discussing why a conviction for robbery under Illinois law is a crime of violence under U.S.S.G. § 4B1.2); *United States v. Dickerson*, 901 F.2d 579, 584 (7th Cir. 1990) (holding that a conviction for robbery under Illinois law is a crime of violence under the elements clause of the Armed Career Criminal Act). *See also United States v. Templeton*, 543 F.3d 378, 380 (7th Cir. 2008) ("Section 924—a section of the Armed Career Criminal Act—defines 'violent felony' in the same way as § 4B1.2 defines 'crime of violence,' and we interpret § 4B1.2 in the same way as § 924(e).") Accordingly, Mosley's § 2255 motion is denied.

## CERTIFICATE OF APPEALABILITY

If Mosley wants to appeal this Court's ruling denying his motion, he must first secure a certificate of appealability, either from this Court or from the Court of Appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mosley need not show that his appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 338 (2003). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate of appealability. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above and in the Court's previous order (Doc. 2), the Court has determined that Mosley has not stated any grounds for relief under § 2255, and reasonable jurists could not debate that conclusion. Thus, Mosley has not made "a substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

## CONCLUSION

Danyahle Mosley's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The Court **DECLINES** to issue a certificate of appealability. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

## NOTICE

If Mosley wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Mosley chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 60 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Mosley files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Additionally, Mosley will only be allowed to proceed on his appeal if he obtains a

certificate of appealability. Here, the undersigned District Judge has already declined to issue a certificate of appealability. Thus, Mosley must request a certificate of appealability from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal.

The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Mosley cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Mosley plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if Mosley wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest

error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Mosley showing excusable neglect or good cause.

**IT IS SO ORDERED.**

**DATED:   January 6, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**