IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANYAHLE L. MOSLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-CV-00206 -NJR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Danyahle Mosley's Motion to Amend the Judgment (Doc. 11) is pending before the Court. On January 6, 2017, this Court denied Mosley's motion brought pursuant to 28 U.S.C. § 2255, which challenged his enhanced sentence as an armed career criminal. (Doc. 9). In the Order, the Court notified Mosely of his right to file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). (Doc. 9, p. 5). Mosely timely filed the pending Motion to Amend. Because the Court finds no manifest error of law or fact, Mosely's Motion to Amend is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

Mosley was indicted on February 21, 2013, on one count of felon in possession of a firearm. *United States v. Mosley*, SDIL Case No. 3:13-cr-30026, Doc. 1. He pled guilty to the charge two months later. *Id.* at Doc. 21. As part of the plea agreement, the Government and Mosley agreed he was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on his criminal history, which includes

convictions for residential burglary and robbery. *Id.* at Doc. 21. The district judge also concluded that Mosley was an armed career criminal, and he sentenced Mosley to the statutory minimum of fifteen years in prison. *See id.* at Docs. 38, 42, 43. Almost two-and-a-half years later, on February 26, 2016, Mosely filed a Motion to Vacate, Set Aside or Correct Sentence, challenging his enhanced sentence as an armed career criminal based on the Supreme Court's decision in *Johnson v. United States,* 135 S.Ct. 2551 (2015). The Court denied that motion. (Doc. 9). Mosely requests the Court reconsider its ruling.

## ANALYSIS

Federal Rule of Civil Procedure 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence. *See Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 814 (7th Cir. 2012). The purpose of this rule is to avoid unnecessary appeals by allowing the court to correct its own errors. *Id.* at 813. The decision to grant or deny a Rule 59(e) motion is entrusted to the "sound judgment" of the district court. *Id.* Rule 59 should not be used to advance arguments or theories that could have been made prior to the district court rendering a judgment. *Id.* Nor should it be used to reassert previously rejected arguments. *See Vesely v. Armslist L.L.C.*, 762 F.3d 661, 666 (7th Cir. 2014). Motions pursuant to Rule 59(e) should only be granted in rare circumstances. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Mosley argues the Court's finding that the Supreme Court's decision in *Johnson v. United States* was not applicable to his prior convictions is an error of law. (Doc. 11, pp.

1-3). In *Johnson*, the Supreme Court held the imposition of an enhanced sentence under the *residual* clause of the ACCA violates due process. *Johnson v. United States,* 135 S.Ct. 2551, 2557 (2015) (emphasis added). Mosely's convictions, however, do not fall under that clause.

A defendant convicted of being in possession of a weapon faces more severe punishment if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924(e). A violent felony is defined in three different ways:

> (1) As a crime that "has as an element, the use, attempted use, or threatened use of physical force against the person of another" (referred to as the elements clause);
>
> (2) The crimes of burglary, arson, extortion, or a crime that involves the use of explosives (referred to as the enumerated crimes clause); or
>
> (3) A crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" (referred to as the residual clause).

18 U.S.C. § 924(e)(2)(b). The *only* clause that was impacted by the Supreme Court's decision in *Johnson* was the final clause, known as the residual clause. *Price v. United States,* 795 F.3d 731, 732 (7th Cir. 2015) (citing *Johnson,* 135 S.Ct. at 2557). None of Mosely's prior convictions fall under that clause.

As the Court stated in its original Order, the residential burglaries are specifically listed in the enumerated crimes clause (#2 above), and the robbery conviction qualifies as a crime listed under the elements clause (#1 above), because the Illinois statute requires the state to prove "the use or threatened use of force against another." (Doc. 2, pp. 2-3, citing 720 Ill. Comp. Stat. 5/18-1(a)). As a result, none of the prior convictions

considered by the Court when enhancing Mosley's sentence under the ACCA were based on the residual clause found unconstitutional in *Johnson*.

The arguments that Mosely makes, and the case law he cites, all relate to whether a conviction qualifies under either the enumerated or elements clauses. (Doc. 11, p. 4). Unfortunately for Mr. Mosely, the time for making these arguments has long since run. A prisoner has a one year period to raise a claim under §2255. 28 U.S.C. § 2255(f). Generally, the one-year statute of limitations starts to run on the date the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). For Mr. Mosely, that was October 7, 2013; thus, the statute of limitations for raising claims under the enumerated and elements clauses ran in October, 2014.[1]

Because Mosely's convictions do not fall under the residual clause of the ACCA, and his arguments regarding the other clauses are untimely, Mosely is not entitled to relief under § 2255.

## CONCLUSION

Finding the Court made no error of law or fact, Mosely's Motion to Amend the Judgment denying habeas relief (Doc. 11) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** October 10, 2017

    /s Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[1] Mosely's original claims under the residual clause were timely because they related to a newly recognized right. When a right is newly recognized by the Supreme Court, the one year statute of limitations begins to run from the date the Supreme Court recognizes and makes that right retroactive. 28 U.S.C. § 2255(f)(3). Thus, when the Supreme Court decided *Johnson,* and found that claims regarding the residual clause were subject to retroactive collateral attack, Mosely was entitled to raise those claims within one year of that finding. *See Price v. United States,* 795 F.3d 731, 732 (7th Cir. 2015).